UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUOMEI XIONG and YAOXUAN LI,

        Plaintiffs,

vs.                                 CASE NO. 2:20-cv-0045-66MRM

JEH JOHNSON, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY;[1]
SHELLY RANDALL, DIRECTOR, FLORIDA-
FORT MYERS FIELD OFFICE, U.S.
CITIZENSHIP AND IMMIGRATION SERVICE;
and MICHAEL BORGEN, DEPUTY DIRECTOR,
FLORIDA-FORT MYERS FIELD OFFICE,
U.S. CITIZENSHIP AND IMMIGRATION SERVICE,

        Defendants.

_____/

## ORDER

Plaintiffs Guomei Xiong and Yaoxuan Li, proceeding pro se, filed this action seeking an order of mandamus to compel Defendants to timely adjudicate their Application to Register Permanent Residence or Adjust Status (Form I-485). A review of the docket reveals that three returns of service were filed on February 12,

---

[1] Jeh Johnson served as the Secretary of Homeland Security from 2013 to 2017. Pursuant to Rule 17(d) of the Federal Rules of Civil Procedure, a public officer who is sued in an official capacity may be designated by the official title rather than by name. Because Johnson no longer serves as the Secretary of Homeland Security, the Clerk is DIRECTED to identify this defendant by the official title instead of by name. *See, e.g., Lisa C. v. Berryhill*, No. 2:17-CV-00130, 2018 WL 8895782, at *1 n.1 (N.D. Ga. Sept. 5, 2018), *vacated and remanded on other grounds sub nom. Cain v. Comm'r, Soc. Sec. Admin.*, 777 F. App'x 408 (11th Cir. 2019).

2020. (Docs. 5, 6, 7.) Since that date, however, no Defendant has responded, and Plaintiffs have neither moved for a default judgment nor filed any other document.

## DISCUSSION

### A.    Failure to Prosecute

The last docket entry in this case is dated February 12, 2020. As noted, Defendants have not responded to the complaint and Plaintiffs have not taken any further action since attempting to serve Defendants. It appears to the Court, therefore, that Plaintiffs are failing to prosecute this action.  Under Local Rule 3.10, "[w]henever it appears that any case is not being diligently prosecuted the Court may[] . . . on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed . . . for want of prosecution."

### B.    Potential Mootness of Plaintiffs' Claims

The exhibits attached to the complaint detail Plaintiffs' I-485 application numbers, which numbers can be used to access information regarding the status of Plaintiffs' applications on the website of the U.S. Customs and Immigration Service (USCIS).  (*See* Docs. 1-3, 1-4.)  The Court can take judicial notice of this information. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (stating that the district court "has 'wide discretion' to take judicial notice of appropriate adjudicative facts at any stage in a proceeding." (citing Fed. R. Evid. 201(d) and *Dippin' Dots, Inc. v. Frosty Bites Distribut., LLC*, 369 F.3d 1197, 1204–05 (11th Cir. 2004)); *see also FAS Capital, LLC v. Carr,* 7 F. Supp. 3d 1259, 1266 (N.D. Ga. 2014) (stating that "the Eleventh Circuit has held that 'a district court may take judicial

notice of public records within its files relating to the particular case before it or other related cases' (quoting *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991)), and that "[s]everal courts have defined 'public records' to include facts found on the websites of … government agencies" (collecting cases)).

The USCIS website's "case status online" tool indicates that Plaintiff Xiong's green card was delivered to him on July 23, 2020 (Receipt Number SRC1790451863) and that Plaintiff Li's green card was received by the U.S. Postal Service for mailing to her on September 4, 2020 (Receipt Number SRC1890565819).[2] It therefore appears that the USCIS has adjudicated Plaintiffs' I-485 applications, and, as a result, that this action is moot.

### C.   Defective Service

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff has ninety days after filing the complaint to serve a defendant. Fed. R. Civ. P. 4(m). According to the docket, summonses were issued and served on each of the named Defendants by regular mail on January 28, 2020. (Docs. 5, 6. 7.) Defendants, however, are United States officers or employees who Plaintiffs appear to be suing in their official capacities.[3] Rule 4(i)(2) therefore requires that service be made on them by

---

[2] *See* https://egov.uscis.gov/casestatus/landing.do (last visited on Sept. 11, 2020).

[3] An official capacity suit against a government employee seeks to recover for that employee's official conduct from the state, whereas an individual capacity suit is one where the government employee is personally liable for the judgment. *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1577 (11th Cir. 1994). Generally, "plaintiffs have a duty to make plain who they are suing." *Young Apts., Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008) (internal quotation omitted). "Typically, a plaintiff gives notice by expressly stating in the complaint whether a defendant is being sued in his individual or official capacity." *Pinto v. Collier Cnty.*, No. 2:19-CV-

either registered or certified mail. In addition, Rule 4(i)(2) requires that a party who sues a United States officer or employee in his or her official capacity also must serve the United States. To serve the United States, the rule requires the plaintiff to:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4 (i)(1)(A).

While the docket shows that Plaintiffs attempted to serve Defendants, that service was by U.S. mail and omitted service on the United States. For these reasons, service was defective. Further, more than the allotted ninety days have now passed since the filing of the complaint. If a defendant is not served within ninety days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action

---

551, 2019 WL 5722172, at *2 (M.D. Fla. Nov. 5, 2019). Where, as here, the plaintiff fails to give express notice regarding the capacity in which the defendant is sued, the court must determine that capacity by "consider[ing] such factors as the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint." *Young Apts., Inc.,* 529 F.3d at 1047. Here, the nature of Plaintiffs' claims and the type of relief requested indicate that Defendants are being sued in their official capacities only.

without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure," in which case "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

<u>CONCLUSION</u>

Accordingly, **IT IS HEREBY ORDERED THAT,** no later than **SEPTEMBER 18, 2020**:

1.     Plaintiffs must file a notice with the Court which states (a) the status of Plaintiffs' I-485 applications and whether Plaintiffs' claims are now moot; and (b) whether Plaintiffs intend to pursue this action or consent to voluntary dismissal.

2.     If Plaintiffs intend to pursue this action, they also must separately file a motion for extension of time to serve Defendants, in which they must demonstrate "good cause" for their failure to properly effect service within the 90 days, as required by Federal Rule of Civil Procedure 4(m).

Plaintiffs are advised that failure to make the above filings on or before September 18, 2020 will result in the Court dismissing this case without further notice. Plaintiffs also are advised that if they require legal advice or assistance, they may contact the Florida Bar for the names of organizations providing free or low-cost legal services to eligible persons.

ORDERED in Fort Myers, Florida, on September 11, 2020.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**